UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

VENETIAN NAILS, LLC,

        Plaintiff,

        v.                                    Case No. 12-CV-128

TRIEU, LLC,

        Defendant and Counterclaim Plaintiff,
        v.

VENETIAN NAILS, LLC, and
KELLY PHUONG PHAM,

        Counterclaim Defendants.

---

DECISION AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT (DOC. 17) AND SETTING A SCHEDULING CONFERENCE

Plaintiff Venetian Nails, LLC, alleges that defendant Trieu, LLC, committed fraud on the United States Patent and Trademark Office (USPTO) by providing incorrect dates when the VENETIAN NAIL SPA mark was first used in commerce. Consequently, plaintiff seeks cancellation of defendant's trademark registration, as well as sanctions for "Trieu and his counsel(s)" for inequitable conduct, and a recommendation that the USPTO reprimand "Trieu and his counsel(s) for providing false, material representations made with the intent to deceive the USPTO."

Defendant moves to dismiss plaintiff's cause of action for trademark invalidity (claim I) and trademark cancellation (claim II). Specifically, defendant submits that (1) erroneous dates of use in a trademark application are not material to a trademark registration where the mark was used in commerce before the application was filed;

(2) plaintiff failed to allege that the registrant of the mark, Tony Trieu, or his authorized licensee, Trieu-Ho Enterprises, did not use the mark in commerce before filing an application with the Trademark Office to register the mark; and (3) plaintiff failed to plead fraud with particularity under Rule 9(b). For the reasons set forth below, the motion will be denied.

BACKGROUND

The first amended complaint charges that Venetian Nails, LLC, is a nail salon located in Milwaukee, Wisconsin, owned by Kelly Phuong Pham. (Am. Compl. ¶¶ 1, 10.) Venetian Nails has been a registered trademark with the State of Wisconsin since November of 2006, with its first use in Wisconsin on March 9, 2009. (*Id.* at 11.)

Defendant, Trieu, LLC, is a Tennessee corporation having a business address at 1106A Biltmore Drive, Nashville, Tennessee 37204. (*Id.* at ¶ 2.) Trieu's application for U.S. Trademark Registration No. 3, 192, 012 was filed by Atty. Minh N. Nguyen on August 15, 2005, and listed a first use date of January 1, 2002, and a first use in interstate commerce date of January 1, 2002. (*Id.* at ¶ 12, Ex. B.) Since the date of registration and through 2011, U.S. Trademark Registration No. 3,192,012 listed a first use date of January 1, 2002, and a first use in interstate commerce date of January 1, 2002. (*Id.* at ¶ 15.) On December 5, 2011, a Nunc Pro Tunc Assignment effective 07/01/2003 was executed to vest all rights and interest to U.S. Trademark Registration No. 3, 192,012 in Trieu, LLC, as of the July 1, 2003, effective date. (*Id.* at ¶ 17.) Trieu does not use the Venetian Nail Spa name in Wisconsin. (*Id.* at ¶ 18.)

Trieu's attorney, Minh N. Nguyen, represented in an e-mail exchange with Venetian Nails representative Andy Pham that "[a]s indicated at the USPTO website, my client first used the mark in 2002" and demanded that Pham cease and desist use of the Venetian Nails name. (*Id.* at ¶ 20.) In letters from Pham's counsel dated October 5, 2011, and October 17, 2011, plaintiff requested information from Trieu regarding the use of the VENETIAN NAIL SPA mark in interstate commerce as of January 1, 2002. (*Id.* at ¶¶ 25, 26, 27.) Attorney Nguyen refused to discuss the dispute. (*Id.* at ¶ 32.)

Neither Trieu nor Attorney Nguyen advised plaintiff that on November 22, 2011, Trieu had filed a Section 7 Request with the United States Patent and Trademark Office requesting (1) correction of the dates of use listed in the registration certificate pursuant 37 C.F.R. § 2.175 and (2) amendment of the registration to restrict the services listed in the initial registration pursuant to 37 C.F.R. § 2.173. (*Id.* at ¶ 33.) The Section 7 request sought to amend the dates of use from January 1, 2002, to July 1, 2003, more than five years after Trieu and Trieu's counsel submitted their declaration of first use to the USPTO. (*Id.* at ¶ 35.) The Section 7 Request deleted "the services described as 'hair salon' and 'barber services' in the registration" and amended the attorney of record from Nguyen to Luke Anderson of Atlanta Technology Law. (*Id.* at ¶ 38.) The November 22, 2011, Section 7 Request concluded with the declaration signature of Tony Trieu declaring: "The undersigned, being hereby warned that willful false statements and the like so made are punishable by fine or imprisonment, or both, under 18 U.S.C. § 1001, and that such willful statements may jeopardize the validity of the application or document or any resulting

3

registration, declares that all statements made of his/her own knowledge are true; and all statements made on information and belief are believed to be true." (*Id.* at ¶ 39.)

Further, the November 22, 2011, Section 7 Request did not advise the Trademark Office that during the application and prosecution of his "first and only federal trademark registration" Tony Trieu was represented by counsel, specifically attorney Minh N. Nguyen, who was "well versed in trademark policy, procedure or protocol." (*Id.* at ¶ 40.) In addition, the Section 7 Request did not advise the Trademark Office regarding the circumstances that led to the admittedly incorrect dates of use, why "the services described as 'hair salon' and 'barber services' in the registration" were deleted, or otherwise explain how Trieu discovered the errors in the dates of first use. (*Id.* at ¶¶ 41-44.)

Plaintiff alleges that the original application declaring January 1, 2002, as the date of first use and the Section 7 Request "do not constitute good faith mistakes made without any deceptive intent and constitutes a false statement of material fact by Trieu and his attorneys." (*Id.* at ¶ 46.) Plaintiff further alleges that Trieu did not use the subject matter of U.S. Trademark Registration No. 3,192,012 for VENETIAN NAIL SPA prior to 2007 and attached to the amended complaint Trieu's LLC's June 23, 2008, initial filing and business registration for Venetian Nail Spa, Inc., with the State of Tennessee. (*Id.* at ¶¶ 49-51.) Further, plaintiff attached to the amended complaint evidence supporting its position that defendant did not use the VENETIAN NAIL SPA mark in the ordinary course of trade in commerce and/or the services were not rendered in more than one State before August 14, 2009. (*Id.* at ¶¶56-65.) At paragraph 72 of the amended complaint, plaintiff alleges that U.S. Trademark Registration No. 3,192,12 for VENETIAN NAIL SPA was obtained and

4

maintained fraudulently through false statements of a material fact by Trieu and Attorney Nguyen with the intent to deceive the USPTO as to the dates of first use. (*Id.* at ¶ 72.)

LEGAL STANDARD

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) requires the court to decide whether the pleadings state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 884 (2009) (*quoting Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). A claim possesses facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The plausibility standard is not akin to the probability standard. *Id.* A pleading must contain enough "[f]actual allegations . . . to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. In other words, the plaintiff must "'nudge[ ]' his claims ... 'across the line from conceivable to plausible.'" *Iqbal,* 556 U.S. at 885.

If a party asserts fraud, the claim must be pled with particularity. The Federal Rule of Civil Procedure 9(b) states that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Although inequitable conduct is a broader concept than fraud, it also must be pled with particularity under Rule 9(b). *Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1326 (Fed. Cir. 2009) (*quoting Ferguson Beauregard/Logic Controls, Div. of Dover Resources, Inc. v. Mega Sys., LLC*, 350 F.3d 1327, 1344 (Fed. Cir. 2003)). Intent and knowledge may be alleged generally,

5

Fed. R. Civ. P. 9(b), but Rule 9(b) requires that the circumstances surrounding the alleged fraud be set forth in particularity, *i.e.* "'the who, what, when, where, and how' of the alleged fraud." *Exergen*, 575 F.3d at 1327(quoting *DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990)).

ANALYSIS

Plaintiff contends that the defendant committed fraud on the USPTO, by intentionally providing incorrect dates respecting the first use in commerce of the VENETIAN NAIL SPA mark. To assert the "circumstances constituting fraud," adequately, a party must detail the who, what, when, where, and how of the alleged fraud occurred. *Exergen*, 575 F.3d at 1327.

The "who" requirement refers to the individuals responsible for the fraudulent representations. *Id.* at 1329. The pleading must "name the specific individual associated with the filing or prosecution of the application issuing . . . who both knew of the material information and deliberately . . . misrepresented it." *Id.* Plaintiff identifies Tony Trieu and Trieu's attorney, Minh N. Nguyen, as representatives of Trieu, LLC, who were involved with the charged fraudulent representation that the mark was in use by January 2002. (Am. Compl. ¶¶ 12, 13, 72.)

Although Trieu, LLC, is the named defendant, Tony Trieu and Attorney Nguyen are identified as agents. Moreover, plaintiff pled the assignment of rights in U.S. Trademark Registration No. 3, 192,012 to Trieu, LLC, and defendant concedes that Tony Trieu is the sole member of Trieu, LLC.

6

With respect to the what, where, and when, plaintiff contends in its amended complaint that defendant and defendant's representatives obtained and maintained the registration in question by deliberately making material false statements in its submissions to the USPTO on August 15, 2005, and November 22, 2011. (Doc. 11, ¶¶ 12-14, 33, 36, 41-48.) In addition, plaintiff provided information about specific instances where defendant gave the USPTO false dates to obtain the trademark. (Doc. 11, ¶¶ 12-14, 33, 39.)

Finally, a plaintiff must also tender "sufficient allegations of underlying facts from which a court may reasonably infer" that the party knew of the misrepresented or omitted material information, and misrepresented or omitted it with a specific intent to deceive the relevant authority. *Exergen*, 575 F.3d at 1328–29. "A reasonable inference is one that is plausible and that flows logically from the facts alleged, including any objective indications of candor and good faith." *Id.* at 1329 n. 5.

Here, the amended complaint asserts that defendant and its agent provided incorrect dates of use to the USPTO repeatedly, represented falsely to plaintiff during negotiations that it had verified the dates of first use, refused to verify the date of first use, and provided dates of first use that were contrary to its business registration and date of actual first use. Consequently, this court is satisfied that plaintiff alleged sufficient underlying facts in its complaint from which it may be reasonably inferred that the defendant was aware of the material information which was misrepresented, and, indeed, misrepresented that information with the specific intent to deceive the USPTO. Whether further amendment of the complaint shall be permitted, as requested by plaintiff, will be discussed at the scheduling conference. Consequently,

IT IS ORDERED that defendant's motion to dismiss is denied.

IT IS FURTHER ORDERED that the parties shall appear for a scheduling conference on February 13, 2013, at 11:00 AM in Courtroom 222.

Dated at Milwaukee, Wisconsin, this 11th day of January, 2013.

BY THE COURT

/s/ C. N. Clevert, Jr.
C. N. CLEVERT, JR.
U. S. DISTRICT JUDGE