UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WISCONSIN

VENETIAN NAILS LLC,

    Plaintiff,

  v.                                            Case No.  12-C-0128

TRIEU LLC,

    Defendant and Counterclaim Plaintiff,

  v.

VENETIAN NAILS, LLC and
KELLY PHUONG PHAM,

    Counterclaim Defendants.

ORDER GRANTING DEFENDANT'S MOTION FOR LEAVE TO FILE A
FIRST AMENDED COUNTERCLAIM (DOC. 52), DENYING PLAINTIFF'S MOTION TO
STRIKE DEFENDANT'S ANSWER AND FOR ENTRY OF DEFAULT JUDGMENT
(DOC. 56), DENYING DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S
SECOND AMENDED COMPLAINT (DOC. 59), AND GRANTING THE
PARTIES' JOINT MOTION FOR AN EXTENSION OF TIME (DOC. 63)

This case comes before the court on a myriad of motions relating to the deadline for amending pleadings. Briefly, on January 31, 2013, the parties filed a joint status report and proposed discovery deadline. In that report, the parties proposed a June 14, 2013, deadline for amending pleadings without leave of the court. During the April 10, 2013, telephonic scheduling conference, the parties discussed ongoing discovery issues and the court indicated that it would adopt the proposed timetable through the completion of discovery. However, the April 10 minutes do not contain the language from the joint status report regarding the deadline for amending the pleadings "without leave of the court." Instead, it simply states that pleadings shall be amended by June 14, 2013.

On June 14, 2013, defendant filed a motion for leave to file the first amended counterclaim instanter and attached the proposed amended counterclaim as an exhibit consistent with Civil L.R. 15(b) (E.D. Wis.) and Fed. R. Civ. P. 52(a)(2). At the same time, plaintiff filed a second amended complaint without filing a separate motion seeking leave of the court. These simultaneous filings may have created confusion with docketing inasmuch as the entry following Venetian Nails's amended complaint indicates that the amended complaint should have been filed as an attachment to defendant's motion for leave to file.

When defendant filed its answer on July 9, 2013, plaintiff responded with a motion to strike defendant's answer and for entry of default judgment. Defendant followed with a motion to strike the second amended complaint. Recently, the parties filed a motion for an extension of time to complete discovery.

If plaintiff was not required to seek leave of the court to file a second amended complaint, defendant's answer was due fourteen days after service of the amended pleading. Hence, defendant's July 9, 2013, filing was late.

It was the court's intent that the parties could amend their pleadings without seeking leave of the court. Nevertheless, the April 10 minutes do not include this language. Further, contrary to plaintiff's assertions, there is no evidence that defendant chose "to flout a deadline." (Doc. 61 at 4.) Hence, based on this record, the court finds that defendant's delay in answering the second amended complaint – less than two weeks after the deadline – is excusable. *See generally Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership*, 507 U.S. 380, 395, 113 S. Ct. 1489, 123 L. Ed. 2d 74 (1993) (holding that the test as to what constitutes excusable neglect is an "equitable one,"

2

taking account of "all relevant circumstances surrounding the party's omission.")  Now, therefore,

IT IS ORDERED that defendant's motion for leave to file a first amended counterclaim instanter is granted.

IT IS FURTHER ORDERED that plaintiff's motion to strike defendant's answer and for entry of default judgment is denied.  Defendant's answer is deemed timely filed.

IT IS FURTHER ORDERED that defendant's motion to strike plaintiff's second amended complaint is denied.

IT IS FURTHER ORDERED that the parties' joint motion for an extension of time is granted.  The deadline to complete discovery is extended to December 2, 2013.  The parties are reminded that they must comply with the Federal Rules of Civil Procedure, Civil Local Rules, and at all times proceed in good faith.

Dated at Milwaukee, Wisconsin, this 27th day of August, 2013.

BY THE COURT

/s/ C.N. Clevert, Jr.
C.N. CLEVERT, JR.
U.S. DISTRICT JUDGE